

NUMBER 13-08-00730-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOANNA HERNANDEZ,                                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                                    **Appellee.**

**On appeal from the 117th District Court of Nueces County, Texas.**

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

On September 27, 2007, appellant, Joanna Hernandez, was charged by indictment

with unlawful possession of less than one gram of cocaine, a state-jail felony.[1]  *See* TEX.

---

[1] The State re-indicted Hernandez on October 4, 2007, alleging that Hernandez had two prior state-jail-felony convictions—one on December 2, 1999, for possession of an controlled substance, and one on April 18, 2002, for forgery.  Because she had been previously convicted of two state-jail felonies, Hernandez was subject to the punishment range associated with third-degree felonies.  *See* TEX. PENAL CODE ANN. § 12.34(a) (Vernon 2003) (providing that the punishment range for a third-degree felony is "imprisonment . . . for any term not more than 10 years or less than 2 years"); *id.* § 12.42(a)(1) (Vernon Supp. 2008) ("If it is shown on the trial of a state[-]jail felony . . . that the defendant has previously been finally convicted of two state[-]jail felonies,

HEALTH & SAFETY CODE ANN. § 481.115(a)-(b) (Vernon 2003). Pursuant to a plea agreement with the State, Hernandez pleaded guilty to the charged offense and "true" to the enhancement paragraphs contained in the October 4, 2007 indictment. The trial court sentenced Hernandez to ten years' incarceration in the Institutional Division of the Texas Department of Justice ("TDCJ-ID") and imposed a $1,500 fine. The sentence was suspended, and Hernandez was placed on community supervision for a period of four years.

On October 27, 2008, the State filed a motion to revoke, contending that Hernandez had violated numerous provisions of her community supervision.[2] The trial court conducted a hearing on the State's motion to revoke on December 2, 2008. At the hearing, Hernandez pleaded "true" to all of the allegations contained in the State's motion. The trial court found that Hernandez had violated the provisions of her community supervision, revoked her community supervision, and sentenced her to ten years' incarceration in the TDCJ-ID with no fine. The trial court also certified Hernandez's right to appeal, and she now brings this appeal.[3] We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Hernandez's

---

on conviction the defendant shall be punished for a third-degree felony.")

[2] In its motion to revoke, the State alleged that Hernandez: (1) committed criminal trespass on September, 28, 2008; (2) failed to report to her probation officer during August and September 2008; (3) failed to pay court costs and her monthly supervision fees; (4) was terminated from the Austin Transitional Treatment Center for using a cell phone without permission; and (5) failed to begin her aftercare program at Treatment Associates.

[3] On December 23, 2008, Hernandez filed a motion for new trial, asserting that she did not adequately present her case to the trial court due to nervousness and that she did not report to her probation officer because she was struggling to care for her fourteen-year-old child during her divorce. The trial court did not rule on Hernandez's motion; therefore, it was overruled by operation of law. *See* TEX. R. APP. P. 21.8(a), (c).

2

court-appointed appellate counsel has filed a brief with this Court, stating that his review of the record yielded no grounds or error upon which an appeal can be predicated. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Hernandez's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on Hernandez, and (3) informed Hernandez of her right to review the record and to file a pro se response within thirty days.[4] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Hernandez has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

---

[4] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Hernandez's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Hernandez and to advise Hernandez of her right to file a petition for discretionary review.[5] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252

---

[5] No substitute counsel will be appointed. Should Hernandez wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this

4

S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 20th day of August, 2009.

_____

Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.